IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MSF REO II, LLC,

        Plaintiff,                        No. 2:11-cv-03265 KJM KJN PS

       v.

ANITA M. CATEDRILLA; EFREN L. CATEDRILLA, and DOES 1-10, Inclusive,

        Defendants.            ORDER AND FINDINGS AND RECOMMENDATIONS

_____/

        Presently before the court[1] is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Solano ("Superior Court"). Sheila Floro, who removed this case to federal court, claims to have intervened in this case as a matter of right. Ms. Floro failed to file a written opposition to plaintiff's motion to remand.

        Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim.[2] The undersigned recommends that plaintiff's request for attorney's fees be denied.

I.   BACKGROUND

On November 3, 2011, plaintiff filed a complaint in the Superior Court entitled "Complaint In Unlawful Detainer Demand Amount Under $10,000.00" ("Complaint"), seeking to recover possession of the property at issue that is located in Benicia, California. (Compl. ¶ 2, attached to Notice of Removal, Dkt. No. 1 at 12-19.) The Complaint alleges that plaintiff purchased the subject property at a "foreclosure sale," that title under the sale was duly perfected, and that plaintiff is entitled to immediate possession of the property. (Id. ¶¶ 2, 6.) It further alleges that plaintiff provided the named defendants, who allegedly continued to live at the property at the time the complaint was filed, with notice to vacate the premises and deliver possession of the property within three days. (Id. ¶¶ 5, 7-8 & Ex. 1.) Plaintiff alleges that the named defendants failed to vacate and deliver possession. (Id. ¶¶ 7-8.) Through this action, plaintiff seeks: (1) restitution and possession of the subject property, (2) damages at a rate of $86.66 per day from November 2, 2011; and (3) costs. (Compl. at 4.)

On November 10, 2011, Ms. Floro filed a Prejudgment Claim of Right of Possession in the Superior Court, asserting that she resides at the subject property pursuant to a written rental agreement with the landlord, but was not named in the summons or Complaint. (See Notice of Removal, Dkt. No. 1 at 8-9.) Ms. Floro contends that the named defendants are no longer participants in this litigation, and that she properly intervened in the action without leave of court while the action proceeded in the Superior Court. (See Notice of Removal ¶¶ 2-3.)

On December 9, 2011, Ms. Floro removed the unlawful detainer action to this

---

[2] Plaintiff simultaneously filed an ex parte application requesting that this case be remanded to the Superior Court (Dkt. No. 5), which provided no basis for the court to grant the requested relief on an ex parte basis. In light of these findings and recommendations, the undersigned recommends that plaintiff's ex parte application be denied as moot.

1  court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this court has subject matter

2  jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331.  (Notice of Removal ¶ 5.)

3  Specifically, Ms. Floro asserts that this court has federal question jurisdiction based on the

4  "Protecting Tenants at Foreclosure Act of 2009, 12 USC 5220," and contends that plaintiff failed

5  to provide her with a 90-day notice to quit required by that legislation.  (See Notice of Removal

6  ¶¶ 5, 7.)

7           On January 4, 2012, plaintiff filed a defectively noticed motion to remand (Dkt.

8  No. 4).  On January 5, 2012, plaintiff correctly noticed a motion to remand (Dkt. No. 7), which

9  argues that this court lacks subject matter jurisdiction over its claim.[3]

10 II.     LEGAL STANDARDS

11           In relevant part, the federal removal statute provides:

12           (a) Except as otherwise expressly provided by Act of Congress, any civil
             action brought in a State court of which the district courts of the United
13           States have original jurisdiction, may be removed by the defendant or the
             defendants, to the district court of the United States for the district and
14           division embracing the place where such action is pending. . . .

15 28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

16 Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

17 denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

18 jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right

19 of removal in the first instance'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d

20 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per

21 curiam)).

22 III.    DISCUSSION

23           As noted above, Ms. Floro removed this action to federal court on the basis of this

---

[3] Plaintiff also alleges, without any supporting documentation or declaration, that Ms. Floro removed this action on the eve of an unlawful detainer trial scheduled to commence in the Superior Court on December 13, 2011.  (Pl.'s P. & A. In Supp. of Mot. to Remand at 4.)  The undersigned has given no consideration to this unsupported fact.

court's alleged federal question jurisdiction. For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.[4] The undersigned also recommends that plaintiff's request for attorney's fees be denied.

      A.      The Court's Subject Matter Jurisdiction

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

---

[4] The undersigned notes that a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1       Here, plaintiff filed its Complaint in the Superior Court asserting a single claim
2 for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer
3 does not by itself present a federal question or necessarily turn on the construction of federal law,
4 no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S.
5 Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12,
6 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does
7 not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV
8 S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)
9 (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL
10 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-
11 CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

12       Ms. Floro argues that this court has subject matter jurisdiction over plaintiff's
13 claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting
14 Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the
15 "Act").  (See Notice of Removal ¶¶ 6-7.)  Insofar as Ms. Floro's argument is concerned, the Act
16 provides protections to tenants who reside in properties subject to foreclosure, including the
17 requirement that a 90-day notice to vacate be given to bona fide tenants.  See SD Coastline LP v.
18 Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010)
19 (unpublished).

20       Federal courts have rejected attempts to premise federal subject matter jurisdiction
21 on the 90-day notice provision provided in the Act.  See Wescom Credit Union v. Dudley, No.
22 CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD
23 Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260
24 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).  This rejection of
25 asserted jurisdiction is because such an argument is an attempt to premise this court's subject
26 matter jurisdiction on a defense or a counterclaim, which cannot establish a federal question

because such a defense or counterclaim does not appear on the face of the complaint.[5]  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction); accord Ignacio, 2010 WL 2696702, at *2.

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

B.   Request for Attorney's Fees

Plaintiff argues that it should be permitted to recover from Ms. Floro its attorney's fees incurred in moving to remand this action to the Superior Court.  It contends that the removal effectuated by Ms. Floro, who is proceeding without counsel, was "in bad faith and without a viable reason."  Plaintiff does not request any sum certain insofar as its attorney's fees are concerned.  The undersigned recommends that plaintiff's request be denied.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court has confirmed that such an award is permissive and left to the discretion of the district court, but is not automatic or even presumptive.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136-40 (2005).  Indeed, in Martin, the Court held

---

[5] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts.  Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished) (citing Fannie Mae v. Lemere, No. S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (unpublished) (citing Nativi v. Deutsche Bank Nat'l Trust, No. 09-06096 PVT, 2010 WL 2179885 (N.D.Cal. 2010)); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

6

that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141.

Here, the undersigned cannot conclude that Ms. Floro, who is not an attorney and is proceeding pro se, lacked an objectively reasonable basis for removal. Ms. Floro believed that subject matter jurisdiction existed by reason of her potential defense or counterclaim, but was mistaken. However, that determination was by no means patently obvious, at least to a non-attorney. Under these circumstances, the undersigned concludes that sanctions would be inappropriate, if not inequitable, and recommends that plaintiff's request for attorney's fees be denied.

## IV.   CONCLUSION

As stated above, IT IS HEREBY ORDERED that the hearing on plaintiff's motion to remand presently set for February 9, 2012, is vacated.

For the reasons stated above, IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 7) be granted and that this matter be remanded to the Superior Court of California, County of Solano.

2. Plaintiff's request for attorney's fees be denied.

3. Plaintiff's ex parte application seeking the remand of this case (Dkt. No. 5) be denied as moot.

4. This case be closed and all dates be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on

1 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
2 Failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d
4 1153, 1156-57 (9th Cir. 1991).

    IT IS SO RECOMMENDED.

DATED:  February 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE